IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RANDY BERRY,**
**Claimant Below, Petitioner**

**vs.)    No. 22-ICA-53**        (BOR Appeal No.: 2057870)
                                  (JCN: 2021001579)

**TOYOTA MOTOR MANUFACTURING WV, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Randy Berry appeals the order of the Workers' Compensation Board of Review ("Board") dated July 25, 2022, that affirmed the Office of Judges ("OOJ") decision dated January 25, 2022. Respondent Toyota Motor Manufacturing WV, Inc. ("Toyota") filed a timely response.[1] Mr. Berry did not file a reply. The issue on appeal is whether the Board erred in affirming the OOJ's decision granting Mr. Berry a 5% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Berry injured his lumbar spine in the course of and as a result of his work with Toyota on July 20, 2020, when he pulled on a transmission that was falling. Following this, Mr. Berry experienced low back pain radiating into both hips. Evidence below showed that, prior to the July 20, 2020, incident, Mr. Berry had undergone surgery for lumbar intervertebral disc disorder and lumbar radiculopathy. Panos Ignatiadis, M.D., who performed the previous, noncompensable surgery, examined Mr. Berry on September 2, 2020, and determined that Mr. Berry's symptoms were related to scar tissue (a result of the prior surgery) causing radiculopathy. In a report dated December 10, 2020, John R. Orphanos, M.D. reviewed an MRI dated July 31, 2020, and concurred that there was scar tissue from the prior surgery and diagnosed spinal stenosis.

---

[1] Petitioner is represented by Wendle D. Cook, Esq. Respondent is represented by Tracey B. Eberling, Esq.

Prasadarao B. Mukkamala, M.D. performed an independent medical examination ("IME") on September 21, 2020, and documented his findings in an Addendum Report dated November 2, 2020. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("the *Guides*"), Dr. Mukkamala determined Mr. Berry had 15% whole person impairment for his lumbar spine. Dr. Mukkamala placed the claimant in Lumbar Category III of Table § 85-20-C of the West Virginia Code of State Rules § 85-20 ("Rule 20") (2006), which provides an impairment range from 10% to 13% whole person impairment. Accordingly, Dr. Mukkamala adjusted Mr. Berry's impairment to 13% to fit within the accepted range for Category III. Acknowledging the prior, noncompensable surgery, Dr. Mukkamala apportioned 8% impairment to that surgery, and recommended the remaining 5% impairment for the compensable injury.

By order dated November 11, 2020, the claim administrator granted a 5% PPD award to Mr. Berry based upon the report of Dr. Mukkamala. Mr. Berry protested the order to the OOJ. In support of his protest, Mr. Berry submitted a report by Mohammed I. Ranavaya, M.D. dated April 25, 2021. Dr. Ranavaya noted Mr. Berry's pre-injury microdiscectomy at L4-L5. Using the *Guides*, Dr. Ranavaya calculated 24% impairment for the lumbar spine. He referred to Rule 20, Table § 85-20-C, and placed Mr. Berry in Category III, the same category as Dr. Mukkamala applied. However, Dr. Ranavaya determined that no adjustment was needed to fit within the range provided by that table. Instead, Dr. Ranavaya found it appropriate to apply Lumbar Category III for each of the two nerve roots separately because he felt that the workplace injury caused nerve root compression on the left at L5 and on the right at S1. Combining 13% impairment for each level, he found Mr. Berry had 24% whole person impairment.[2] According to Dr. Ranavaya, 24% impairment did not exceed the impairment range set forth in Rule 20 Table § 85-20-C. Dr. Ranavaya apportioned 10% impairment for the prior microdiscectomy, leaving 14% impairment for the compensable injury.

Toyota then referred Mr. Berry to Syam B. Stoll, M.D. for an evaluation. Using the *Guides*, Dr. Stoll found a total of 12% whole person impairment. Under Rule 20 Table § 85-20-C, he placed Mr. Berry in Lumbar Category II, which has a range of permanent partial disability from 5% to 8% impairment and adjusted the impairment to 8%. Dr. Stoll apportioned 3% impairment for preexisting conditions, leaving 5% impairment for the compensable lumbar injury. He opined that the radiculopathy was due to preexisting scar tissue that resulted from the pre-injury surgery.

---

[2] Under the *Guides*, impairment ratings are "combined" (not added) by use of the Combined Values Chart on page 322. After combining, the impairment rating is not necessarily the same as it would be if calculated mathematically.

Dr. Stoll reviewed Dr. Ranavaya's report and found it erroneous. Dr. Stoll mentioned that the reports of Drs. Ignatiadis and Orphanos determined Mr. Berry's radicular symptoms were due to preexisting scar tissue formation resulting from the pre-injury surgery as opposed to being a result of the compensable injury. Thus, one of the most notable problems in Dr. Ranavaya's report, as found by Dr. Stoll, was that Dr. Ranavaya improperly attributed radiculopathy to the injury in the claim. Another important issue that Dr. Stoll identified was that Dr. Ranavaya's impairment calculation under the *Guides* accounted for impairment related to two nerve roots, and he duplicated this impairment when he derived the impairment under Rule 20 Table § 85-20-C by doubling the rating allowed in Lumbar Category III. Further, according to Dr. Stoll, Dr. Ranavaya's impairment calculation improperly exceeded the maximum impairment allowed under Rule 20 Table § 85-20-C Lumbar Category III. Dr. Stoll explained that the examiner is supposed to select the most appropriate category from the table and stay within the assigned range.

The OOJ decision dated January 25, 2022, affirmed the claim administrator's order dated November 11, 2020. The decision determined that Dr. Mukkamala's evaluation was the best indicator of Mr. Berry's impairment. Importantly, the OOJ found that the reports of Drs. Ranavaya and Stoll were in error. First, the OOJ reasoned Dr. Ranavaya's impairment rating improperly went above the impairment rating for Lumbar Category III in Rule 20 Table § 85-20-C. Noting that a 24% impairment rating would require placement in Lumbar Category IV or V, which were inapplicable based on Mr. Berry's symptoms, the OOJ determined Dr. Ranavaya's report was "clearly wrong." The OOJ also determined that Dr. Stoll's impairment calculation incorrectly found 5% impairment after combining 2% whole person impairment with 10% whole person impairment. Moreover, the OOJ found that Dr. Stoll erred by assigning impairment under Lumbar Category II C of Table 75 of the *Guides* rather than under Lumbar Category II E. On July 25, 2022, the Board affirmed the OOJ decision with only a couple of inconsequential modifications to two findings of fact. Mr. Berry now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;

3

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Mr. Berry argues that Dr. Ranavaya is the most experienced and qualified evaluator and the OOJ and Board incorrectly found his report to be erroneous. Mr. Berry contends that the methodology used by Dr. Ranavaya to calculate impairment resulting from the injury was appropriate and in accordance with the *Guides* and West Virginia Code of State Rules § 85-20. Furthermore, Mr. Berry alleges Dr. Stoll's opinion contained many errors including a double apportionment under both the *Guides* and the findings under Rule 20 Table § 85-20-C. Finally, Mr. Berry assigned error to Dr. Mukkamala's opinion, which he asserts was based upon opinions made years ago by other doctors rather than his own observations.

Upon our review, we find no error. Mr. Berry's argument that Dr. Ranavaya's report is appropriate is not supported by West Virginia Code of State Rules § 85-20-64.2 (2006), which provides as follows:

> The range of motion methodology for assessing permanent impairment shall be used. However, a single injury or cumulative injuries that lead to a permanent impairment to the Lumbar Spine area of one's person shall cause an injured worker to be eligible to receive a permanent partial disability award within the ranges identified in Table § 85–20–C. The rating physician must identify the appropriate impairment category and then assign an impairment within the appropriate range designated for that category.

Thus, since Dr. Ranavaya determined Lumbar Category III was appropriate, he was required to assign an impairment rating within the range provided in the table, i.e., between 10% to 13% whole person impairment.

The OOJ correctly determined that Dr. Ranavaya's report was unsupportable because it exceeded the maximum impairment allowed under Lumbar Category III. As found by the OOJ, Mr. Berry did not qualify for a higher category in Rule 20 Table § 85-20-C, nor did any doctor assign Mr. Berry to a higher category. We find no error in the OOJ's determination, as affirmed by the Board, that Dr. Mukkamala's report was reliable, and that Mr. Berry failed to prove that he qualified for more than a 5% permanent partial disability award. The OOJ, as affirmed by the Board, was not clearly wrong in affirming the claim administrator's order granting Mr. Berry a 5% permanent partial disability award.

Accordingly, we affirm.

Affirmed.

4

**ISSUED:**  January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen